**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alex MAZARIEGO–GOMEZ,**
**Defendant–Appellant.**

**No. 15–50079.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 2016.*

Filed April 18, 2016.

Alexandra Fairbanks Foster, Assistant U.S., Peter Ko, Assistant U.S., Matthew

Sutton, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Ryan V. Fraser, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: FARRIS, TALLMAN, and BYBEE, Circuit Judges.

## MEMORANDUM **

Alex Mazariego–Gomez appeals from the district court's judgment and challenges the 30–month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mazariego–Gomez contends that the district court erred in applying a 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because his prior conviction under California Penal Code § 211 is not a crime of violence. This claim is foreclosed. *See United States v. Becerril–Lopez,* 541 F.3d 881, 893 & n. 10 (9th Cir.2008) (a conviction for robbery under California Penal Code § 211 is a categorical crime of violence). Contrary to Mazariego–Gomez's assertion, *Descamps v. United States,* — U.S. ——, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), which concerns the modified categorical approach, does not allow us to disregard *Becerril–Lopez.* *See Miller v. Gammie,* 335 F.3d 889, 893 (9th

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Cir.2003) (en banc) (three-judge panel is bound by circuit precedent unless that precedent is "clearly irreconcilable" with intervening higher authority).

Because the district court properly applied a 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii), we need not reach Mazariego–Gomez's contention that his prior conviction is not an aggravated felony for purposes of an 8–level enhancement under § 2L1.2(b)(1)(C).

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided

